UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William M. Knight,                                              Case No. 5:22-cv-212

                 Petitioner,

v.                                                                             ORDER

Kenneth Black, Warden,

                 Respondent.

Petitioner William M. Knight filed a motion for reconsideration of my decision adopting the May 24, 2024 Report and Recommendation of Magistrate Judge Jennifer Dowdell Armstrong and denying Knight's petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 17). I denied Knight's petition after he failed to file written objections by the June 7, 2024 deadline. (*See* Doc. No. 15).

Knight seeks relief "on the grounds of inadvertent failure to file objections due to extraordinary circumstances." (Doc. No. 17 at 1). He claims his "failure to file timely objections was due to excusable neglect, as defined under the law. As a prisoner, the Movant relies on institutional mail systems, which contributed to the delay. The delay in receipt of the Report and Recommendation was unforeseen and not within the Movant's control." (*Id.*). Knight also contends his "lack of knowledge about the requirement to file objections further compounded this issue." (*Id.*).

Knight's form motion does not identify the specific rule under which he seeks relief. (*Id.*) (moving "pursuant to [applicable rules, e.g., Federal Rule of Civil Procedure 59 or 60]"). His reliance on "excusable neglect" more closely aligns with Rule 60, so I will consider his motion

pursuant to that rule. Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). A party "seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Knight's arguments are not persuasive. Knight did not merely fail to file timely objections – he did not file any in the nearly nine months that passed between the June 7, 2024 objections deadline and the entry of my decision adopting the Report and Recommendation on March 4, 2025. Nor did he take any action to seek an extension of the objections deadline after he received the allegedly delayed Report and Recommendation.

Moreover, Knight cannot credibly claim he was unaware of his responsibility to file objections. Judge Armstrong, in a section of her Report and Recommendation titled "Notice to Parties Regarding Objections," provided a lengthy discussion of Knight's duty to file objections within 14 days of the issuance of the Report and Recommendation, as well as of the consequences of any failure to file objections. (Doc. No. 14 at 21-22). Moreover, Knight would not be entitled to

relief even if he could show he was unaware of his duty to objection, as "[n]either carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed. R. Civ. P. 60(b)(1)." *Merriweather v. Wilkinson*, 83 F. App'x 62, 63 (6th Cir. 2003) (citing cases).

Therefore, I deny Knight's motion for reconsideration.  (Doc. No. 17).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge